LIZZIE E. HERKE, Respondent, v. THE ST. LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 7, 1910.

1. **PERSONAL INJURIES BY SHOCK.** Where a passenger train collided with standing cars negligently left on the track, causing a disastrous wreck in which some passengers were killed, the fireman of the engine injured and the cars burned; and plaintiff's husband, in company with two other passengers, got out of their car and walked a carlength to the engine, when they carried the fireman a short distance to one side; and deceased then went to one of the wrecked cars for a seat cushion on which to put him, and while in the car, walking towards the door to get the cushion, he suddenly dropped dead, and a

bruise was found on his temple. *Held*, that the jury were justified in finding his death was caused by the shock and injury resulting from the collision.

2. ————: One of Two Causes: Possibility. If an injury may have resulted from one of two causes, for one of which the defendant is liable, and the other not, it devolves on the plaintiff to show that the cause for which liability exists was the actual cause. But in doing so he need not have evidence so conclusive as to exclude a possibility that it may have been some other cause.

3. ————: Heart Disease. Though a passenger on a colliding train have heart disease from which, in all probability, he will soon die, yet if his death actually results from a shock in a collision caused by negligence, the defendant is liable, notwithstanding the shock would not have caused his death if he had not been so afflicted.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*John H. Lucas* and *A. F. Smith* for appellant.

(1) Plaintiff's case being based on mere conjecture, the court erred in not sustaining defendant's demurrer to the evidence. Sheldon v. Railroad, 29 Barb. 272; Oglesby v. Railroad, 177 Mo. 295; Moore v. Railroad, 28 Mo. App. 622; Cothron v. Packing Co., 98 Mo. App. 343; Browning v. Railroad, 106 Mo. App. 729; Caudle v. Kirkbride, 121 Mo. App. 92; Hamilton v. Railroad, 123 Mo. App. 619; Grant v. Railroad, 133 N. Y. 658; Fuchs v. St. Louis, 167 Mo. 620; Warner v. Railroad, 178 Mo. 131; Goransson v. Mfg. Co., 186 Mo. 300; Trigg v. Ozark, etc., Co., 187 Mo. 227; McGrath v. Transit Co., 197 Mo. 104; Smart v. Kansas City, 91 Mo. App. 586; Young v. Railroad, 113 Mo. App. 636; Byerly v. Light Co., 130 Mo. App. 603. (2) The verdict was against the weight of the evidence. (3) The court erred in its rulings on the evidence by permitting speculative and improper questions to be asked and

answered. (4) The instructions ignored defendant's defenses. Phelan v. Granite, etc., Co., 115 Mo. App. 423, 435. (5) The instructions did not require the jury to find that the injuries to deceased were the result of the collision. Oates v. Railroad, 168 Mo. 548. (6) The instructions did not require the jury to find that Mr. Herke's health was the result of physical injuries and nervous shock simultaneously produced. Strange v. Railroad, 61 Mo. App. 592; Deming v. Railroad, 80 Mo. App. 158. (7) The instructions submitted issues not within the pleadings and not within the evidence. Heinzle v. Railroad, 182 Mo. 535; Gerhart v. Railroad, 132 Mo. App. 546. (8) The court used technical terms without defining them. Montgomery v. Railroad, 181 Mo. 513; Mulderig v. Railroad, 116 Mo. App. 672. (9) The instructions assumed facts. York v. Everton, 121 Mo. App. 645. (10) The plaintiff was not entitled to recover on the theory that defendant would be liable if her husband's death was caused by overexertion in the work of rescue, because her petition presented no such issue. Todd v. Railroad, 126 Mo. App. 684; Tinkle v. Railroad, 212 Mo. 471; Black v. Met., etc., Co., 217 Mo. 672; Davidson v. St. L., etc., Co., 211 Mo. 320; American, etc., Co. v. St. Louis, etc., Co., 120 Mo. App. 416.

*Reed, Atwood, Yates, Mastin & Harvey* and *Paxton & Rose* for respondent.

(1) It is erroneous for the appellant to ask the court to give credit to defendant's evidence on passing on the question whether plaintiff made out a case. This was a jury case, and this court will only look at the plaintiff's evidence and that part of the defendant's evidence which helps the plaintiff and is against the defendant. Deitring v. Transit Co., 109 Mo. App. 541; Forbes v. Dunnevant, 198 Mo. 193. (2) Where two causes are shown for a death and it cannot be determined which brought about the death, there can be no

recovery; but to bring about such a result, both causes must be shown by the plaintiff's evidence or arise from the admitted physical facts in the case. If one cause is shown by the plaintiff and the other by the defendant, there is no uncertainty, because the jury is presumed to have rejected defendant's testimony. See opinion by Judge BREWER in Sorenson v. Railroad, 36 Fed. 166.

ELLISON, J.—Plaintiff is the widow of August H. Herke, who was killed in the State of Kansas, in a collision of one of defendant's passenger trains with a number of coal cars left standing on the track. She brought this action in this State to recover damages for the death of her husband and recovered judgment for $5250, and defendant prosecuted this appeal.

The deceased was a passenger on the train which was running about thirty miles an hour when it collided with the standing coal cars with such force as to throw some of the cars onto others and to telescope some of the cars in the passenger train, killing some persons thereon. It likewise tore seats from their fastenings and overturned one car, and soon after the cars took fire. Deceased, two other passengers and the conductor immediately went forward one or two car lengths to the engine, where the fireman was found with his leg broken. In going forward one of the passengers put his hand on deceased and talked to him, but he took no notice and did not answer. They assisted the fireman from the engine and took him a short distance to one side. The deceased helped, but just the amount of help was not agreed upon by the witnesses, some stating he carried him upon his back, while others said he assisted only. At any rate, when the fireman was put down on the ground some one suggested he should have a cushion to lie upon and deceased went back perhaps a carlength to get one from a car. He went into the car with another man, who said "I will take this one." The deceased said "all

right, you take that and I will go to the other end and get another one." Deceased then went towards the end of the car and when within a few feet of the door he fell with a groan and expired. There was a bruise on the temple said to be about the size of "a half dollar." He wore a stiff hat, which was broken. The plaintiff's theory is that deceased died from the effects of the shock caused by the collision; while defendant's is that he had heart disease which culminated in his death at that time by reason of his voluntary exertion in carrying the fireman from the engine.

It was the duty of the plaintiff to make such showing as would justify the jury in believing that the collision was the proximate cause of deceased's death, the burden of that was on the plaintiff. It will not do to merely show that the death might have resulted from defendant's fault. If the death may have resulted from either of two causes, for one of which defendant would be liable and for the other it would not, the plaintiff should show with reasonable certainty that the cause for which defendant is liable produced the result. [Warner v. Railroad, 178 Mo. 135; Smart v. Kansas City, 91 Mo. App. 586.] But it will be noticed that it is only necessary to establish with reasonable certainty the cause for which defendant would be held liable. We had occasion, in Kelly v. Railroad (ante, 490), to say that the evidence to establish plaintiff's case need not exclude all possibility of some other cause being the actual producing cause. What is stated in plaintiff's brief as to the character of evidence in some cases may be appropriately quoted by way of illustration: "If a human being is subjected to any kind of violence and dies within a few minutes thereafter, the conclusion is that his death was caused by the violence. Thus, if you are struck or are thrown from a horse, and die within the next few minutes, it will be presumed that you died from the preceding violence. It is not necessary to show what part of your

organism gave way; indeed the human system is so com-
plicated and delicate that it is often impossible to prove
this. It is enough that there is an efficient cause closely
followed by the effect."

This case, we readily concede, shows that it ought
to be difficult for the jury to determine which of the
alleged causes which the evidence leaves open for dis-
cussion as a cause, actually produced the death. But
being difficult does not argue that the jury should not
solve it. Being difficult should not transfer a deter-
mination of the facts from the jury to the court. We
therefore conclude that the evidence justified the ver-
dict. The deceased was a vigorous and healthy man.
He was not regarded by his family and friends as frail,
nor as affected with any vital ailment. There was noth-
ing in his life to suggest its sudden termination. Still,
of course, there is a possibility of his death not being
directly connected with the collision; but, as we have
just stated, it is not required that the evidence shall
exclude possibility of a non-liable cause.

In this connection defendant claims, and had evi-
dence tending to prove, that deceased had heart dis-
ease. Let it be granted that he had. It leaves the same
question to be answered; that is, whether he came to
his end by reason of a shock and injuries caused by
the collision. It is manifest that a plea that one was
afflicted with a disease which would sooner or later
end his life, would not be a defense to taking such life
by an act of negligence. He, and those depending upon
him, are entitled to have his life, though hanging by a
thread, extended without interruption by the wrongful
act of another. If one is *in articulo mortis* from one
cause, but his death actually results from some other
cause, as by the negligent act of another, that other
would be liable, though the fact that death was at hand
without the negligence might make the pecuniary loss
less. In Jackson v. Railroad, 87 Mo. 422, the wording
of the instructions distinguished between "causing" and

"hastening" the death. Doubtless the instructions should not have been so worded. As written they were the occasion of the court indulging in comment that could not well be sustained if applied to a general action under the statute. This is made clear by Judge LAMM in his criticism of the case and his illustrations of the unsoundness of the views as applied to such actions, which is found in McDonald v. Railroad, 219 Mo. 468.

The defendant asked several instructions, all but one were in the nature of demurrers and were properly refused. That one was given, and it informed the jury that if they believed the deceased died from heart disease there could be no recovery. On the part of the plaintiff two were given, one on the measure of damages which we regard as proper.

The other also directed the jury to find for defendant if they believed the deceased had heart disease and died from such disease. But in proceeding further with plaintiff's theory of the case, the words "immediate and proximate" cause of his death are used. The use of the word "proximate," if unexplained, has been criticised in Mulderig v. Railroad, 116 Mo. App. 672, as tending to mislead the jury. It was likewise referred to as not so appropriate as other words more easily understood, in Montgomery v. Railroad, 181 Mo. 477, 513. If it were not that in the first of these cases the word "proximate" was associated with the word "direct," so that the instruction read "direct and proximate cause," we would have regarded the phrase as, used in the instruction in this case as not harmfully wrong. The words in the instruction in controversy are "immediate and proximate cause of death." The two words "immediate" and "proximate" are here used as meaning the same thing and as mere emphasis to each other. "Immediate" is a simple word and it means "proximate," and 'proximate" means "immediate." They are synonyms and are each the antonym of re-

mote; Standard Dictionary. In this respect the phrase "direct and proximate cause," as used in the Mulderig case, is not so appropriate as "immediate and proximate cause" in the case at bar. Connected as it is with a word the meaning of which is understood by all and in such way as to show that they each mean one thing, we cannot bring ourselves to believe the use of the word "proximate" could have confused the jury or that it should bring about a reversal of the judgment. We are not unmindful that, in law, the proximate cause may, in some instances, be removed farther from the result than the immediate cause. But if that distinction could find application here it would be in defendant's favor.

Besides, the face of the record shows that the death resulted from one of two things, heart disease, disconnected from the shock caused by the collision; or, the shock and injury caused by the collision. As to the former, we have already seen the jury were directed, at the instance of both plaintiff and defendant, that there was no liability. So, if the jury found for plaintiff at all, it was necessarily on the ground that the deceased died from the shock and injury, since if he died from any other cause they were told to find for defendant. If he died from the shock and injury, the collision was the immediate or proximate cause. It was the only thing which could have been the cause. Further criticism is made, that the instruction does not properly require the jury to find that the shock as well as the injuries were caused by the negligence of defendant; or that deceased was plaintiff's husband. But we regard this and other objections as far too critical for practical purposes. In view of the peculiar nature of the case as disclosed by the record, it would be going to an unjust extreme for us to say that the jury have been misdirected, or that they failed to fully understand the issues to be decided.

Objections were made to some questions put to

physicians as experts and the mode of examination followed. We have not had any authority cited condemning what was done. Nor do we think anything occurred in rulings on the admission of evidence that affected the controversy in any substantially harmful degree. Then we are asked to investigate the weight of the evidence; that, of course, we must decline to do.

A careful consideration of the entire record leaves us convinced we should affirm the judgment. All concur.